```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAHLEN KOK HAN WEE d/b/a DAHEN STUDIO,
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-10-13

                                    Plaintiff,                    12 Civ. 4609 (PKC)

                                                                  MEMORANDUM AND ORDER

         -against-


CHARLES DAVID OF CALIFORNIA,

                                    Defendant.
-----------------------------------------------------------x

CASTEL, District Judge:

        This action was dismissed on February 7, 2013 in an Order that recited that the Court had been advised that all claims had been settled. The Order of dismissal was conditioned upon the right of any party "to reopen the action within thirty (30) days if the settlement is not consummated." No application to reopen was made within the thirty (30) days and thus the dismissal became final and unconditional.

        Plaintiff now moves to reopen the action in order to file the never-before-filed settlement agreement between the parties and to ask the Court to enter judgment in its favor on the unpaid sum due under the agreement. Defendant urges that the proper remedy is for plaintiff to commence a plenary action.

        The Court agrees that the proper remedy is to bring a separate action to enforce the agreement. At the time of dismissal, the Court did not reserve continuing jurisdiction beyond the 30-day period for reopening the action. The settlement agreement was not entered as an order of the Court. Moreover, the parties did not express an intention that only this Court would have jurisdiction over a suit for breach and authorized any such suit to be filed in "appropriate

federal or state courts located in the City, County and State of New York. . . ." (Settlement Agreement at ¶ 15).

It is settled that the Court posses no inherent power to enforce a settlement, in the absence of an express retention of jurisdiction or the entry of the settlement terms as an order of the Court. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")

Plaintiff's motion (Dkt 11) is DENIED without prejudice to its right to proceed in a plenary action.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 9, 2013